UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      Case No. 25-CR-72-BHL-SCD

JEREMIAH D. HILSON,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

    A federal grand jury has charged Jeremiah and Montrell Hilson together in an eight-count indictment. *See* Indict., ECF No. 13. Jeremiah, who is charged in five of the eight counts, has moved for relief from prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure. *See* Def.'s Mot., ECF No. 30. The government opposes the motion. *See* U.S.'s Resp., ECF No. 34.

    Under Rule 14, a court may sever defendants' trials if the joinder of defendants "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The Supreme Court has held that, when defendants have been properly joined under Rule 8(b), a district court should grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). For example, "[a] defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand" and may not be

erased by "[l]imiting instructions to the jury." *Bruton v. United States*, 391 U.S. 123, 132 (1968) (quoting Fed. R. Crim. P. 14 advisory committee's note to 1966 amendment).

Jeremiah seeks to sever his trial from that of his brother, arguing that the joinder of defendants is prejudicial because Montrell has made statements to law enforcement that directly implicate Jeremiah. According to the government, the severance motion is moot, as Montrell's case is on a track to be resolved without a trial. The government also insists that Montrell did not provide a *Mirandized* statement implicating Jeremiah. However, the criminal complaint indicates that, during a follow-up interview with law enforcement, Montrell admitted that Jeremiah is his half-brother, "stated that he purchases heroin/fentanyl from Jeremiah," and said he believed Jeremiah recently possessed 500 grams of fentanyl/heroin and multiple firearms. Crim. Compl. ¶ 77, ECF No. 1.

If introduced at a joint trial, Montrell's statement would be highly prejudicial to Jeremiah, as it directly implicates Jeremiah in criminal activity. Although Montrell's case currently may be on a resolution track, those plans could always fall apart. And it appears the parties are waiting for Jeremiah's case to be resolved before resolving Montrell's case. *See* Audio recording, ECF No. 32; Court Minutes, ECF No. 33. Thus, Jeremiah's severance motion is likely not moot. Because the joinder of defendants appears to prejudice Jeremiah, the court **GRANTS** his motion for relief from prejudicial joinder, ECF No. 30, and **SEVERS** the defendants' trials under Rule 14.

The court directs the parties' attention to 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any order herein, or part thereof, may be filed within fourteen days of service of this order. Objections must be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure

to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the district judge in writing.

**SO ORDERED** this 16th day of July, 2025.

_Stephen C. Dries_
STEPHEN C. DRIES
United States Magistrate Judge